IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PIERCE GUTIERREZ-MCKAIN,

      Plaintiff,

vs.                                               No. CIV 25-0427 JB/JFR

THE GUADALUPE COUNTY BOARD OF
COUNTY COMMISSIONERS, a political sub-
division existing under the law of the State of
New Mexico, and LORENZO J. MATTA,
sheriff of Guadalupe County, New Mexico, in
his official and individual capacity,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the County Defendant's Motion to Dismiss

Plaintiff's First Amended Complaint, filed July 9, 2025 (Doc. 9)("MTD"). The Court holds a

hearing on October 20, 2025. See Clerk's Minutes filed October 20, 2025 (Doc. 20); Draft Hearing

Transcript of Proceedings at 1 (taken October 20, 2025)(Court)("2025 Tr.").[1] The primary issues

are: (i) whether the Court should dismiss the First Amendment to the Constitution of the United

States freedom-of-association claim in the Amended Civil Complaint for Violation of 42 U.S.C.

§ 1983 and the New Mexico Civil Rights Act and Torts Claims Act, filed June 18, 2025

(Doc. 8)("Amended Complaint"), for failing to state a claim upon which relief may be granted,

where Plaintiff Pierce Gutierrez-McKain does not allege with what First Amendment protected

activity Defendants Guadalupe County Board of County Commissioners and Lorenzo J. Matta, in

his official and individual capacity (hereinafter the "Defendants"), interfere; (ii) whether the Court

should dismiss the Amended Complaint's Fourteenth Amendment to the Constitution of the United

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

States claim, for failing to state a claim upon which relief may be granted, where the Defendants do not interfere with his right to travel; and (iii) whether the Court should dismiss the Amended Complaint's Fourteenth Amendment claim, for failing to state a claim upon which relief may be granted, where the Defendants do not unlawfully arrest Gutierrez-McKain in violation of the Fourth Amendment to the Constitution of the United States. After reviewing the parties submissions and the applicable law, the Court: (i) dismisses the Amended Complaint's First Amendment freedom-of-association claim, for failing to state a claim upon which relief may be granted, where Gutierrez-McKain does not allege with what First Amendment protected activity the Defendants interfere, because seeking employment is not a First Amendment protected activity; (ii) dismisses the Amended Complaint's Fourteenth Amendment claim, for failing to state a claim upon which relief may be granted, where the Defendants do not interfere with his right to travel, because Gutierrez-McKain does not allege he wants to travel interstate; and (iii) dismisses the Amended Complaint's Fourteenth Amendment claim, for failing to state a claim upon which relief may be granted, where the Defendants do not unlawfully arrest Gutierrez-McKain in violation of the Fourth Amendment, because a criminal summons is not a seizure within the meaning of the Fourth Amendment. The Court thus grants the MTD and dismisses the Amended Complaint.

**<ins>FACTUAL BACKGROUND</ins>**

On May 5, 2025, Gutierrez-McKain files the Civil Complaint for Violation of 42 U.S.C. §1983 and the New Mexico Civil Rights Act and Tort Claims Act (Doc. 1). On June 18, 2025, Gutierrez-McKain files the Amended Complaint. <ins>See</ins> Amended Complaint at 1. The Court takes its facts from the Amended Complaint. The Amended Complaint asserts federal-question jurisdiction under 28 U.S.C. §§1331 and 1343, for the 42 U.S.C. § 1983 civil rights claims, and

Supplemental Jurisdiction under 28 U.S.C. §1367, for the New Mexico Civil Rights Act, N.M. Stat. Ann. §§ 41-4A-1 to -13 ("CRA"), and the New Mexico Tort Claims Act, N.M. Stat. Ann. §§ 41-4-1 to -27 ("TCA").

In November, 2023, the Defendants hire Gutierrez-McKain as a Deputy Sheriff for the Guadalupe County New Mexico Sherriff's office. See Amended Complain ¶ 11, at 4. On March 6, 2024, Gutierrez-McKain resigns from his position as deputy sheriff. See Amended Complaint ¶ 12, at 5. This news "enraged" Matta. Amended Complaint ¶ 18, at 6. That same day, Gutierrez-McKain turns in his equipment, including the 2022 Black Four-Door Ford Explorer, vehicle license 17300G NM, VIN 1FM5K8AB1NGB60090 ("Ford Explorer"), "in good working order without any damage to the exterior of the vehicle being noted." Amended Complaint ¶ 14, at 5. Between March 6, 2024, and March 7, 2024, "an unknown individual(s) scratched and/or marked the mirror on the Ford Explorer" while it sits in the Guadalupe County Sheriff's office exclusive parking lot. Amended Complaint ¶¶ 15-16, at 5.

On April 3, 2024, Deputy Sheriff Matthew Baca and Juan Diaz generate a false police report, reporting that "Mr. 'Gutierrez-McKain deliberately caused damage to his new unit issued to him.'" Amended Complaint ¶¶ 19-20, at 6. Baca generates the report as "a result and part of Matta's scheme" to punish Gutierrez-McKain for "his leaving employment and association with another police agency." Amended Complaint ¶ 18, at 6. On April 4, 2024, the Guadalupe County Sheriff's Office files a criminal complaint in the Guadalupe County Magistrate Court "upon the direction and order of Defendant Matta, falsely claiming that Plaintiff 'did intentionally damage a 2022 For [sic] Explorer mirror owned by the County of Guadalupe . . . .'" Amended Complaint ¶ 21, at 6.

On July 15, 2024, Gutierrez-McKain files a motion to dismiss charges, because of the loss of exculpatory evidence. See Amended Complaint ¶ 23, at 7. Gutierrez-McKain's defense counsel determines that video surveillance from the parking lot where the Ford Explorer sits is destroyed. See Amended Complaint ¶ 22, at 6-7. As a result of the determination and the motion, the Fourth Judicial District Attorney issues a "'Nolle Prosequi,'" stating that "'[t]he case is being dismissed because there is insufficient evidence to proceed.'" Amended Complaint ¶ 24, at 7 (alterations in the original).

The dismissal does not deter Matta, who continues to harass Gutierrez-McKain. See Amended Complaint ¶ 25, at 7. In February, 2025, Matta states, at a training seminar, that "he was glad Plaintiff was off his hands because he wasn't 'worth a s**t; purposely damaged a police vehicle; had not made any traffic stops, [and] had been caught sleeping on duty . . . ." Amended Complaint ¶ 26, at 7-8. Furthermore, Matta makes false reports of misconduct to the New Mexico Law Enforcement Academy ("Law Academy"). Amended Complaint ¶ 27, at 8. In the Law Academy reports, Matta alleges that Gutierrez-McKain intentionally damages property "and other wrongdoing in an attempt to have his certification as a law enforcement officer in the State of New Mexico revoked." Amended Complaint ¶ 27, at 8.

## ANALYSIS

Below, the Court discusses its analysis of the Defendant's MTD. Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994). The Complaint's sufficiency is a question of law, and, when considering a rule 12(b)(6) motion, a court

must accept as true all of the complaint's well-pled factual allegations, view those allegations in the light most favorable to the nonmoving party, and draw all reasonable inferences in the non-moving party's favor.    See Tellabs, Inc. v. Makor Issues & Rts, Ltd., 551 U.S. 308, 322 (2007)("[O]nly if a reasonable person could not draw . . . an inference [of plausibility] from the alleged facts would the defendant prevail on a motion to dismiss."). A complaint need not set forth detailed factual allegations, yet a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)("Iqbal")(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)("Twombly")).  To survive a motion to dismiss, a plaintiff's complaint must contain sufficient facts that, if the court assumes those facts to be true, state a claim to relief that is plausible on its face.  See Twombly, 550 U.S. at 570; Mink v. Knox, 613 F.3d 995, 1000 (10th Cir. 2010).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

## I.    GUTIERREZ-MCKAIN DOES NOT PLEAD PLAUSIBLY A VIOLATION OF HIS FIRST AMENDMENT RIGHT TO FREEDOM OF ASSOCIATION.

The Court concludes that Gutierrez-McKain does not plead plausibly a First Amendment claim.  His allegations do not identify any Constitutionally protected activity that the Defendants purportedly burden, and, indeed, he acknowledges that he remains free to associate with other law-enforcement agencies.  The First Amendment provides that "Congress shall make no law . . . prohibiting . . . the right of the people peaceably to assemble, and petition the Government for a redress of grievances."  U.S. Const. amend. I.  The Supreme Court of the United States has recognized that there is included among the protections which the First Amendment guarantees "a First Amendment right to associate for the purpose of speaking, which [the Supreme Court has]

termed a 'right of expressive association.'" Rumsfeld v. Forum for Academic & Institutional Rights, Inc., 547 U.S. 47, 126 (quoting Boy Scouts of Am. v. Dale, 530 U.S. 640, 644, (2000)). The First Amendment protects associational rights in two distinct ways: (i) the First Amendment "protects against unjustified government interference with an individual's choice to enter into and maintain certain intimate or private relationships;" and (ii) the First Amendment ensures "the freedom of individuals to associate for the purpose of engaging in protected speech or religious activities." Bd. of Dirs. v. Rotary Club of Duarte, 481 U.S. 537, 544, (1987). See Grace United Methodist Church v. City of Cheyenne, 451 F.3d 643, 658 (10th Cir. 2006). Because "there is no generalized right of free association," courts only "recognize[ ] a right to associate for the purpose of engaging in those activities protected by the First Amendment -- speech, assembly, petition for the redress of grievances, and the exercise of religion." Roberts v. United States Jaycees, 468 U.S. 609, 618 (1984).

Gutierrez-McKain's Amended Complaint does not allege interference with either category of protected association. He does not contend that the Defendants intrude upon any intimate or private relationship, see MTD at 7 ("Plaintiff does not and presumably cannot allege that the County or its officials interfered with any familial, marital, or otherwise intimate relationship."), nor does he plausibly allege that they burden an association formed for the purpose of engaging in speech, religious exercise, or other protected activity, see MTD at 6 ("Plaintiff does not allege any actual facts that showcase the County interfered with any expressive conduct protected by the First Amendment . . . ."). Instead, Gutierrez-McKain asserts, in conclusory fashion, that the "right of Plaintiff to freely associate with other law enforcement agencies, their employees and other government agents is protected by the First and Fourteenth Amendments." Amended Complaint ¶ 29, at 8. See Amended Complaint ¶ 18, at 6 ("Defendant Matta having learned that Plaintiff went

to work in an adjoining County became enraged and conspired . . . for his leaving employment and association with another police agency."). The law does not support Gutierrez-McKain's contention that the First Amendment protects the generalized interest in "gaining and seeking future employment." Plaintiff's Response to "County Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, filed July 22, 2025 (Doc. 11)("Gutierrez-McKain's Response"). Gutierrez-McKain relies on Merrifield v. Bd. of Cnty. Comm'rs for Cnty. of Santa Fe, 654 F.3d 1073 (10th Cir. 2011)("Merrifield"), and McDonald v. Wise, 769 F.3d 1202 (10th Cir. 2014)("Wise"), but neither decision supports the proposition for which he cites them.

In Merrifield, the United States Court of Appeals for the Tenth Circuit considers whether the "public-concern requirement," applicable to government-employee retaliation claims, extends to the intrinsic right of freedom of association. 654 F.3d at 1079-82. Gutierrez-McKain reads Merrifield to stand for the proposition that the Constitution protects association for employment purposes. See Gutierrez-McKain's Response at 4. That reading, however, overlooks the Tenth Circuit's analysis. The Tenth Circuit assumes "without deciding, that Merrifield's retention of an attorney for his disciplinary proceedings amounted to associating with an attorney to exercise his speech and petition rights in the employment dispute." 654 F.3d at 1081. Gutierrez-McKain alleges no comparable exercise of speech or petition rights here. The closest that he comes to pleading an expression of speech is his assertion that "[h]e 'voted with his feet' by taking a job . . . in an adjoining county . . . . A political statement, including the right to protest the operation of the Golf Sheriff's Department." Gutierrez-McKain's Response at 1-2. That characterization amounts to no more than a "formulaic recitation of the elements of a cause of action" and is insufficient to state a plausible claim. Iqbal, 556 U.S. at 678. Merrifield therefore offers Gutierrez-McKain no support. Wise similarly does not support Gutierrez-McKain's position.

In Wise, the Tenth Circuit addresses a public employee's liberty interest "in his good name and reputation as they relate to his continued employment."  769 F.3d at 1212.  Gutierrez-McKain relies on the Tenth Circuit's observation that the plaintiff there was "unable to find employment because of the media reports of his misconduct."  769 F.3d at 1212.  See Gutierrez-McKain's Response at 5 ("Publicizing these false statements regarding dishonesty, immorality, have the effect of chilling not only Plaintiff but others from gaining and seeking future employment.")(citing Wise, 769 F.3d at 1202 n.4).  Gutierrez-McKain again misapprehends the holding.  In Wise, the Tenth Circuit analyzes the plaintiff's claim under the liberty-interest component of the Due Process Clause and not the First Amendment.  See 769 F.3d at 1212.  Even if the Court construes Gutierrez-McKain's allegations as attempting to assert a Fourteenth Amendment liberty-interest claim, he does not allege facts sufficient to satisfy the remaining elements that the Tenth Circuit identifies.  See Wise, 769 F.3d at 1212.

Finally, Gutierrez-McKain's own allegations undermine his claim's premise.  The record reflects that he is able to leave the Guadalupe Sheriff's Department and obtain employment with another law-enforcement agency.  See 2025 Tr. at 11:14-18 (Dixon)("However, because of . . . [how] the department was being run . . . he to do [sic] move to another department."); 2025 Tr. at 12:1-4 ("It was voluntary in the sense that he resigned, but our position is that he had no choice but to resign given the poor manner in which the department was run.").  This circumstance undercuts any contention that the Defendants prevent him from associating with other law-enforcement entities or otherwise infringe upon a protected liberty interest.  Gutierrez-McKain, likewise, does not allege that he seeks other employment, and is unable to obtain it or any comparable harm.  Accordingly, the Court concludes that Gutierrez-McKain does not allege

plausibly a violation of the First Amendment right to freedom of association, and the Court grants

the MTD and dismisses the Amended Complaint's Count I.[2]

## II.    GUTIERREZ-MCKAIN DOES NOT PLEAD PLAUSIBLY A FOURTH AMENDMENT VIOLATION, BECAUSE THE DEFENDANTS DO NOT SEIZE HIM.

For purposes of analyzing Fourth Amendment seizures, the Tenth Circuit divides

interactions between police and citizens into three categories: (i) consensual encounters;

(ii) investigative stops; and (iii) arrests.  See Oliver v. Woods, 209 F.3d 1179, 1186 (10th Cir.

2000).    See also United States v. Young, 347 F. Supp. 3d 747, 770 (D.N.M.

2018)(Browning, J.)(describing an arrest as a seizure); Dorato v. Smith, 108 F. Supp. 3d. 1064,

1118 (D.N.M. 2015)(Browning, J.)(noting that investigative stops are seizures).  "A police officer

may seize someone either by physical force or a show of authority."  United States v. Roberson,

864 F.3d 1118, 1121 (10th Cir. 2017)(citing United States v. Salazar, 609 F.3d 1059, 1064 (10th

Cir. 2010)("Salazar")).  Regardless whether a seizure occurs through physical force or a show of

authority, a "violation of the Fourth Amendment requires an intentional acquisition of physical

control.'" Becker v. Kroll, 494 F.3d 904, 914 (10th Cir. 2007)("Becker")(quoting Brower v. County

of Inyo, 489 U.S. 593, 596 (1989)).

---

[2] The Parties devote a portion of their briefing to an alleged violation of the right to travel. See Gutierrez-McKain's Response at 5-6 ("The Amended Complaint sets for [sic] a claim for violation of the right to travel."); MTD at 6 (asserting that Gutierrez-McKain "vaguely references a violation of his right to 'free travel'" (quoting Amended Complaint ¶ 30, at 9)).  The Court does not address the right to travel argument in Gutierrez-McKain's Response, because the Amended Complaint does not plead such a claim.  In any event, Gutierrez-McKain effectively concedes that the Defendants do not restrict his ability to travel.  At the hearing, Gutierrez-McKain states that he remains able to travel for work and that the County Magistrate Judge does not deny any request for travel.  See 2025 Tr. at 18:2-5 (Court, Dixon)("But was there ever a time when he asked to go out of state or go to another county where it was denied?  No.").

"[W]hen an officer does not apply physical force to restrain a subject, a Fourth Amendment seizure occurs only if (a) the officer shows his authority; and (b) the citizen 'submit[s] to the assertion of authority.'"  Salazar, 609 F.3d at 1064 (alteration in Salazar)(quoting California v. Hodari D., 499 U.S. 621, 625-26 (1991)).  "[T]he test for existence of a show of authority is an objective one: not whether the citizen perceived that he was being ordered to restrict his movement, but whether the officer's words and actions would have conveyed that to a reasonable person." Salazar, 609 F.3d at 1064 (internal quotation marks omitted)(quoting California v. Hodari D., 499 U.S. at 628).  "If a reasonable person would feel free to terminate the encounter, then he or she has not been seized."  United States v. Drayton, 536 U.S. 194, 201 (2002)).  The standard for submission is also objective, see Salazar, 609 F.3d at 1064 (citing United States v. Cardoza, 129 F.3d 6, 14 n.4 (1st Cir. 1997)), but "[s]ubmission 'requires, at minimum, that a suspect manifest compliance with police orders,'" United States v. Roberson, 864 F.3d at 1122 (quoting United States v. Mosley, 743 F.3d 1317, 1326 (10th Cir. 2014)).

Gutierrez-McKain alleges, in the Amended Complaint's Count II, "unlawful arrest in violation of the Fourth and Fourteenth Amendments."  Amended Complaint at 10.  The Defendants correctly observe, however, that the public docket in the criminal case underlying these allegations shows that the Defendants do not arrest Gutierrez-McKain in connection with the alleged property damage.  See MTD at 8.  Instead, Gutierrez-McKain receives a summons directing him to appear before the Magistrate Court of Guadalupe County on a petty misdemeanor charge of criminal damage to property.  See 2025 Tr. at 25:14-18 (Dixon)("So we submit that sending a summons and then requiring my client to appear in magistrate court requiring him to have [to] go through pretrial conditions of release is sufficient [show] of authority.").

- 10 -

In response to the Defendants, Gutierrez-McKain argues that, "to prevail on a false-arrest claim, [the plaintiff] must establish a lack of probable cause supporting the charged crime." Gutierrez-McKain's Response at 8 (quoting Goad v. Town of Meeker, 654 F. App'x 916, 923(10th Cir. 2016)).  This contention, however, does not address the Defendants' argument.  Although the absence of probable cause is necessary to prevail on a false-arrest claim, it is not sufficient.  "To maintain a false arrest or false imprisonment claim under § 1983, 'plaintiffs must demonstrate the elements of a common law claim and show that their Fourth Amendment right to be free from unreasonable search and seizure has been violated.'"  Chavez v. Cnty. of Bernalillo, 3 F. Supp. 3d 936, 996 (D.N.M. 2014)(Browning, J.)(quoting Trimble v. Park Cnty. Bd. of Comm'rs, 242 F.3d 390, at *3 (10th Cir. 2000)(table decision)(citing Taylor v. Meacham, 82 F.3d 1556, 1561 (10th Cir.1996))).

Gutierrez-McKain does not satisfy that requirement, because he does not allege plausibly a seizure under the Fourth Amendment.  The Defendants do not acquire control over Gutierrez-McKain.  Nevertheless, he contends that a seizure occurs, because he voluntarily turns "himself over to the jurisdiction and custody of the Magistrate Court."  Gutierrez-McKain's Response at 7. The Tenth Circuit considers and rejects this theory, declining to extend the definition of seizure beyond circumstances involving arrest or incarceration. See Becker, 494 F.3d at 915 ("We thus agree with the courts that have also declined to accept Justice Ginsburg's invitation to expand Fourth Amendment liability in cases where the plaintiff has not been arrested or incarcerated.").

Gutierrez-McKain also argues that Torres v. Madrid, 592 U.S. 306 (2021)("Torres"), implicitly adopts the "continuing seizure" theory that Justice Ginsburg advances in her concurrence in Albright v. Oliver, 510 U.S. 266 (1994). See Gutierrez-McKain's Response at 7 ("The Defendant fails to mention the controlling precedent contained in *Torres*.").  Torres does not

stand for the proposition that the government seizes a defendant as soon as the government issues a summons.  In <u>Torres</u>, the Supreme Court of the United States addresses whether a seizure occurs under the Fourth Amendment when officers apply indirect physical force -- there, by shooting the suspect -- but the suspect neither submits to authority nor is subdued.  <u>See</u> 592 U.S. at 314-15.  The Supreme Court concludes that the application of physical force to the body of a person, even by bullet, with intent to restrain constitutes a seizure.  <u>See</u> 592 U.S. at 309 ("The answer is yes: The application of physical force to the body of a person with intent to restrain is a seizure, even if the force does not succeed in subduing the person.").  Far from embracing the "continuing seizure" theory, the Supreme Court does not reference <u>Albright v. Oliver</u>.  Indeed, the Supreme Court rejects the continuing seizure approach.  <u>See</u> 592 U.S. at 318 ("That is to say that the Fourth Amendment does not recognize any 'continuing arrest during the period of fugitivity.'" (quoting <u>California v. Hodari D.</u>, 499 U.S. 621, 625)(1991)).

Here, Gutierrez-McKain "was never arrested, incarcerated, or otherwise placed under the direct physical control of the state.  Accordingly, [Gutierrez-McKain] was never 'seized' in the traditional sense." <u>Becker</u>, 494 F.3d at 915.  The Court therefore concludes that Gutierrez-McKain does not allege plausibly a Fourth Amendment violation.  Accordingly, the Court grants the MTD and dismisses the Amended Complaint's Count II with prejudice.

**IT IS ORDERED** that: (i) the County Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, filed July 9, 2025 (Doc. 9), is granted; and (ii) the Plaintiff's Count I First Amendment and Count II Fourth Amendment claims in the Amended Civil Complaint for Violation of 42 U.S.C. § 1983 and the New Mexico Civil Rights Act and Torts Claims Act, filed June 18, 2025 (Doc. 8), are dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE

Counsel:

Eric D. Dixon
Eric D Dixon Attorney & Counselor at Law, P.A.
Portales, New Mexico

    *Attorney for the Plaintiff*

Brandon Huss
New Mexico Association of Counties
Santa Fe, New Mexico

-- and --

Bree Kathlene Barnett
David Anthony Roman
New Mexico Association of Counties
Albuquerque, New Mexico

    *Attorneys for the Defendants*